IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JAJ Ventures, Inc., a North Dakota corporation, Gelato d'Italia, LLC, a North Dakota limited liability company, Insyndio, LLP, a North Dakota limited liability partnership, Jason Fettig, and Joe Vadnais, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| Raymond Arjmand and Gateway Fashion Mall LLC, a Delaware limited liability company, | ) ) ) | Case No. 1:09-cv-37 |
| Defendants, | ) ) | |
| vs. | ) ) | |
| Gateway Fashion Mall, LLC, | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| Matt Hill, individually, and d/b/a Gelato d'Italia by Prairie Peddler, | ) ) ) | |
| Third-Party Defendant. | ) | |

On February 23, 2011, after being advised that Plaintiffs Jason Fettig and Joseph Vadneis had filed for bankruptcy, the court issued an order staying the above-entitled action. Other than a stipulation for dismissal of third-party plaintiff's claims against third-party defendant filed on January 20, 2012, see Docket No. 65, there has been little activity in this case.

On December 1, 2014, and January 27, 2015, the court issued orders directing plaintiffs to

1

update it on the status of the Fettig and Vadnais bankruptcies and otherwise show cause by February 27, 2015, why plaintiffs' claims against defendants should not be dismissed for failure to prosecute.

On February 5, 2015, the court received the following status report from David D. Schweigert, counsel for plaintiffs at the time the automatic stays were issued in the Fettig and Vadnais bankruptcies:

> Subsequent to the filing of the bankruptcy, it is my understanding that the Trustee of the Bankruptcy Estates of Mr. Fettig and Mr. Vadneis, who were the owners of the corporate defendants, took control of the this lawsuit and subsequently the lawsuit was resolved. Although I did not represent the Bankruptcy Estates of either Mr. Fettig or Mr. Vadneis, after the trustee took control, it was my understanding that the Defendants essentially purchased the lawsuit and were to dismiss it with prejudice. Until receiving the court's status request and subsequent Order to Show Cause, I was unaware that the case was even pending. Since I was not involved in the resolution, I contacted the Trustee of the Estates and obtained the attached Settlement Agreements. From these agreements it would appear the Defendants were to file a Dismissal with Prejudice of this lawsuit.

(Docket No. 72). Attached as exhibits to the status report were copies of settlement agreements filed in the Vadnais and Fettig bankruptcies. (Docket No. 7-1). In these agreements, the bankruptcy estates agreed to settle their claims against Raymond Arjmand and the Gateway Fashion Mall in return for payments of $3,000 to each bankruptcy estate. The parties also agreed that once the bankruptcy estates had filed abandonment of their interests in JAJ Ventures, Inc., Gelato d'Italia, J.H. Card & Gift Shop, LLC, and Insyndio, LLP, defendants agreed to dismiss the above-entitled action with prejudice and without costs to either party.

The parties have failed to show cause why the court should not dismiss the above-entitled action for failure to prosecute. In any event, the materials submitted by attorney David D. Schweigert suggest that the outstanding claims may have been resolved. Accordingly, the court **ORDERS** that Plaintiffs' claims against defendants are **DISMISSED** for failure to prosecute with

prejudice and without costs to either party. As there are no longer any claims pending, final judgment may be entered and this case may be closed.

**IT IS SO ORDERED**.

Dated this 2nd day of March, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court
